**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREA PESACOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CUSHMAN & WAKEFIELD OF | ) |
| PENNSYLVANIA, INC., | )     No. 18-cv-4282 |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.   OVERVIEW .................................................................................................................1

II.  FACTUAL BACKGROUND .......................................................................................2

    A.   The Parties ........................................................................................................2

    B.   EEOC Charge of Discrimination and Right to Sue Letter .......................................3

    C.   Procedural History ............................................................................................4

III. ARGUMENT ..............................................................................................................6

    A.   Counts I, II, III, VI, VII, and VIII of Plaintiff's Third Amended Complaint Must Be Dismissed Because Plaintiff's Claims Under Title VII, PHRA, and PFPO Are Time-Barred and Therefore Not Actionable. ..........................................................6

        1.   Plaintiff's Claims Under the PHRA Were Not Filed Within 180 Days of an Alleged Act of Discrimination, and Are Therefore Completely Time Barred. ...........................................................................................................7

        2.   Plaintiff's Claims Under Title VII and the PFPO Were Not Filed Within 180 or 300 Days of an Alleged Act of Discrimination, and Are Therefore Time Barred. ...................................................................................................8

    B.   Counts I, II, and III of the Third Amended Complaint Must Be Dismissed Because Plaintiff's Retaliation Claims Under Title VII, the PHRA, and the PFPO Are Insufficiently Pled. ............................................................................................9

    C.   Counts VI, VII, and VIII of the Third Amended Complaint Must Be Dismissed Because Plaintiff's Hostile Work Environment Claims Are Not Sufficiently Plead. ...............................................................................................................12

    D.   Counts IV and V of the Third Amended Complaint Must Be Dismissed Because the FMLA Does Not Apply Because Plaintiff's Leave Exceeded Twelve Weeks. ...............................................................................................................13

    E.   Count IX of Plaintiff's Third Amended Complaint Must Be Dismissed Because Plaintiff Fails to Sufficiently Plead a Breach of Contract Claim. ..........................15

    F.   Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983. .....................................17

    G.   Plaintiff's Claims Raised in Her Complaint, First Amended Complaint, and Second Complaint, But Not Included in Her Third Amended Complaint Should Be Deemed Abandoned. ...................................................................................18

    H.   Plaintiff Should Not Be Permitted to File Yet Another Amended Complaint. .....19

Conclusion ......................................................................................................................20

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                                    <u>PAGE NO.</u>

*Ahern v. Eresearch Tech., Inc.*,
  183 F. Supp. 3d 663 (E.D. Pa. 2016) ...................................................................10

*Antol v. Perry*,
  82 F.3d 1291 (3d Cir. 1996)................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................6

*Barber v. CSX Distrib. Servs.*,
  68 F.3d 694 (3d Cir. 1995)..............................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................6

*Caver v. City of Trenton*,
  420 F.3d 243 (3d Cir. 2005)............................................................................12

*Charlton v. Paramus Bd. of Educ.*,
  25 F.3d 194 (3d Cir. 1994)................................................................................9

*Clark v. Com. of Pa.*,
  885 F. Supp. 694 (E.D. Pa. 1995) .....................................................................8

*Concha v. Perfecseal, Inc.*,
  No. 13-cv-5709, 2014 WL 4634965 (E.D. Pa. Sept. 15, 2014)................................7

*Connelly v. Lane Constr. Corp.*,
  809 F.3d 780 (3d Cir. 2016)...........................................................................6, 9

*Conoshenti v. Pub. Serv. Elec. & Gas Co.*,
  364 F.3d 135 (3d Cir. 2004)............................................................................14

*Eldeeb v. Potter*,
  675 F. Supp. 2d 521 (E.D. Pa. 2009) ................................................................12

*Faragher v. City of Boca Raton*,
  524 U.S. 775 (1996).......................................................................................12

*Fauver v. Shane*,
  213 F.3d 113 (3d Cir. 2000).............................................................................19

*Foman v. Davis*,
  371 U.S. 178 (1962).......................................................................................20

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)......................................................................................6

*Guthrie v. Wells Fargo Home Mortg. NA*,
    No. 13-cv-4226, 2014 WL 3749305 (N.D. Ga. July 28, 2014) ...............................19

*Hayduk v. City of Johnstown*,
    580 F. Supp. 2d 429 (W.D. Pa. 2008).....................................................................17

*Hofferica v. St. Mary Med. Ctr.*,
    817 F. Supp. 2d 569 (E.D. Pa. 2011) ......................................................................15

*Hornsby v. U.S. Postal Serv.*,
    787 F.2d 87 (3d Cir. 1986).........................................................................................8

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)...................................................................................20

*Katekovich v. Team Rent A Car of Pittsburgh, Inc.*,
    36 Fed. App'x 688 (3d Cir. 2002)............................................................................14

*Lake v. Arnold*,
    232 F.3d 360 (3d Cir. 2000)....................................................................................20

*Lugar v. Edmondson Oil Co., Inc.*,
    457 U.S. 923 (1982).................................................................................................17

*Mandel v. M&Q Packaging Corp.*,
    706 F.3d 157 (3d Cir. 2013)................................................................................9, 12

*Manzano v. Metlife Bank N.A.*,
    No. 11-cv-651, 2011 WL 2080249 (E.D. Cal. May 25, 2011) ...............................19

*Markert v. PNC Fin. Servs. Grp., Inc.*,
    828 F. Supp. 2d 765 (E.D. Pa. 2011) ......................................................................18

*Medero v. NBC Merchants, Inc.*,
    No. 16-cv-6583, 2017 WL 3328361 (E.D. Pa. Aug. 3, 2017) ............................7, 11

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002)..............................................................................................6, 12

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3d Cir. 1994)......................................................................................8

*Panto v. Palmer Dialysis Ctr.*,
    No. 01-6013, 2003 WL 1818990 (E.D. Pa. Apr. 7, 2013).......................................14

*Peace-Wickham v. Walls*,
    409 Fed. App'x 512 (3d Cir. 2010).......................................................................12

*Pittsburgh Constr. Co. v. Griffith*,
    834 A.2d 572 (Pa. Super. Ct. 1999) ..................................................................15

*Rooks v. Alloy Surfaces Co. Inc.*,
    No. 09-cv-839, 2010 WL 2697304 (E.D. Pa. July 6, 2010) ............................7

*Suarez v. GEO Grp., Inc.*,
    No. 15-cv-83, 2015 WL 13121263 (S.D. Tex. May 18, 2015)..........................19

*Travelers Indem. Co. v. Dammann & Co. Inc.*,
    594 F.3d 238 (3d Cir. 2010)..............................................................................20

*United States v. Classic*,
    313 U.S. 299 (1941)...........................................................................................17

*Univ. of Texas Southwest Med. Ctr. v. Nassar*,
    133 S.Ct. 2517 (2013).......................................................................................11

*Vincent v. Fuller Co.*,
    532 Pa 547 (1992)...............................................................................................7

*Webster v. Dolgencorp, LLC*,
    No. 13-cv-0690, 2013 WL 4501461 (D.N.J. Aug. 22, 2013) ......................7, 13

*West v. Atkins*,
    487 U.S. 42 (1988).............................................................................................17

*Wevodau v. Comm. of Penn.*,
    227 F. Supp. 3d 404 (M.D. Pa. 2017) ...........................................................13, 15

*Williams v. Penn. Human Relations Comm.*,
    870 F.3d 294 (3d Cir. 2017)..............................................................................17

*Woodson v. Scott Paper Co.*,
    109 F.3d 913 (3d Cir. 1997)................................................................................7

*Wright v. Chase Home Fin. LLC*,
    No. 11-cv-95, 2011 WL 2173906 (D. Ariz. June 2, 2011) ..............................19

## STATUTES

29 U.S.C. §§ 2612(a)(1), (d) ......................................................................................13

42 U.S.C. § 1983 ..................................................................................................17, 18

42 U.S.C. § 2000e-5(e) ................................................................................................8

**OTHER AUTHORITIES**

29 C.F.R. § 825(b) ........................................................................................................14

Fed. R. Civ. P. 8(a) ........................................................................................................6

Fed. R. Civ. P. 12(b)(6)............................................................................................2, 20

Fed. R. Civ. P. 15 .....................................................................................................1, 18, 19

## I.   OVERVIEW

Instead of responding to Cushman & Wakefield of Pennsylvania, Inc.'s ("Cushman & Wakefield's" or "Defendant's") Motion to Dismiss, Plaintiff filed her Third Amended Complaint without seeking the consent of Defendant or requesting this Court for leave to amend her Second Amended Complaint, as she is required to do under Federal Rule of Civil Procedure 15(a)(1)(B). Like the regenerating hydra of Greek mythology, each time Defendant moves to dismiss Plaintiff's complaint, she files a new complaint with a different assortment of claims. Incredibly, despite having **four** opportunities to articulate her claims, Plaintiff's Third Amended Complaint still fails to adequately plead even one claim. Defendant requests the Court's intervention in addressing Plaintiff's Third Amended Complaint, and specifically requests that this Court:

- dismiss all of Plaintiff's claims in her Third Amended Complaint;

- order that all claims that are asserted in her Complaint, Amended Complaint, and Second Amended Complaint, and not asserted in her Third Amended Complaint, have been abandoned; and

- require Plaintiff to file an Opposition to this Motion to Dismiss instead of permitting her to file a Fourth Amended Complaint.

Plaintiff has failed to assert viable claims in her Third Amended Complaint because she cannot. Quite simply, her employment discrimination claims are time barred. She clearly alleges in her EEOC Charge that she was discriminated against between May 31, 2017, and September 18, 2017, yet admits in her Third Amended Complaint that she was on medical leave from work during this period, and fails to allege any actionable discrimination during this time. Therefore, all of her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and Philadelphia Fair Practices Ordinance ("PFPO") must be dismissed. Plaintiff also alleges claims under the Family Medical Leave Act ("FMLA") for the first time in her Third Amended Complaint. These claims also fail because the FMLA only provides for a strict

twelve weeks of medical leave, and the alleged violations of the FMLA occurred after Plaintiff had already been on medical leave for **over** twelve weeks. Finally, Plaintiff's breach of contract claim must be dismissed because she has failed to assert a breach of contract claim under the contract's terms. For all of the above reasons, as explained more fully below, all of Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Cushman & Wakefield also respectfully requests that the Court find that Plaintiff's failure to plead claims that were alleged in prior complaints in her Third Amended Complaint has resulted in abandonment and waiver of these claims. Cushman & Wakefield must ask for this unusual relief because Plaintiff has already abandoned and then added back two claims between her Complaint and her Second Amended Complaint. Cushman & Wakefield is being prejudiced in its attempts to resolve this suit due to Plaintiff's ever-changing pleading of claims.

Given the many chances Plaintiff has already had to bring an initial set of claims that can withstand a Motion to Dismiss, Cushman & Wakefield also respectfully requests this Court to order Plaintiff to respond to this Motion to Dismiss by filing an Opposition or otherwise voluntarily dismissing this case. At this point, permitting Plaintiff to allege a Fourth Amended Complaint would be futile and prejudicial to Cushman & Wakefield.

## II.     FACTUAL BACKGROUND

### A.     **The Parties**

Plaintiff Andrea Pesacov was employed as a Senior Director of Cushman & Wakefield's Retail Services for the Philadelphia, Northeast Region between approximately April 2014 and September 2017. (Doc. No. 3, Third Amended Complaint ("TAC") ¶ 4.) Cushman & Wakefield is a commercial real estate services company. (TAC ¶ 5.)

**B.**     **EEOC Charge of Discrimination and Right to Sue Letter**

Plaintiff alleges that she cross-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on July 6, 2018 (the "EEOC Charge"). (TAC ¶ 51, Ex. A.) The EEOC Charge alleges that discrimination began on May 31, 2017, and, at the latest, ended on September 18, 2017. (TAC, Ex. A at 2.) The Charge describes the alleged sex discrimination and retaliation as follows:

> Respondent, through his employees, has subjected me to employment discrimination. I have been subjected to sexual harassment, less favorable terms and conditions of employment, discharge, and retaliation due to my sex (female), disability, and for having engaged in protected activity.

(*Id.*) Importantly, Plaintiff has not indicated that the discrimination was continuing by checking the box provided on the EEOC Charge. (*Id.*) These conclusory allegations were not investigated by the EEOC. Instead, less than two weeks later, on July 19, 2018, the EEOC issued a Right to Sue letter upon Plaintiff's request. (TAC, Ex. B at 2.)

Prior to filing her initial Complaint in the Philadelphia Court of Common Pleas, Plaintiff failed to file a charge with the EEOC. (*See* Doc. No. 1-7 (Complaint filed on May 22, 2018); TAC, Ex. A at 2 (EEOC Charge filed on July 6, 2018).) Plaintiff's EEOC Charge identifies the period during which discrimination occurred as **no earlier than May 31, 2017**, and **no later than September 18, 2017**. (TAC, Ex. A at 2.) As alleged by Plaintiff in her Second Amended Complaint, she "was out of work due to stomach surgery from May 20, 2017, until the day she was terminated on September 18, 2017." (Doc. No. 1-6, ¶ 45.) Therefore, by Plaintiff's own admission, she was not working at Cushman & Wakefield during the entire allegedly discriminatory period Plaintiff identified in her EEOC Charge. Plaintiff's Third Amended Complaint alleges the facts a bit differently, but the result is the same. She alleges that she suffered

a medical emergency on May 20, 2017, began medical leave the same day, and that her "first day back at work following her medical leave of absence" was on September 18, 2017. (TAC ¶¶ 31-35, 46.) Plaintiff also alleges that her, "doctors did not allow Plaintiff to return to work until on or about September 18, 2017." (TAC ¶ 32.) Plaintiff was not working at Cushman & Wakefield during the very period of time she alleges in her EEOC Charge that discriminatory acts occurred.

Plaintiff does allege that she visited the Cushman & Wakefield workplace **once** while on medical leave, on August 17, 2017, in order to visit her assistant for one hour. (TAC ¶ 35.) While she was at the office, she alleges that Mike McCurdy, the Regional Managing Principal at the Philadelphia office, met with her for approximately two hours to discuss her violations of company policies.[1] (TAC ¶¶ 36, 40.) Plaintiff alleges that McCurdy informed her that it was time to look for another job during this meeting. (TAC ¶ 41.) This is the sum total of what Plaintiff alleges to have occurred between May 31, 2017, and September 18, 2017.

Plaintiff makes a few allegations regarding acts that occurred outside of the discrimination time period she set out in her EEOC Charge, but, for the purposes of this Motion to Dismiss, these allegations are irrelevant.

### C.    **Procedural History**

Plaintiff has filed four complaints in this case. Each time Defendant has moved to dismiss a complaint for lack of legal sufficiency, Plaintiff files an amended complaint. *See* Table of Plaintiff's Pleading History, attached as **Exhibit A**.

On May 22, 2018, Plaintiff first filed a Complaint in the Philadelphia Court of Common Pleas. (*See* Doc. No. 1-7.) In the Complaint, Plaintiff alleged counts of (1) "negligent intentional infliction of emotional distress"; (2) breach of fiduciary duty; (3) breach of contract / unjust

---

[1]         Plaintiff does not specify which violations of company policies were discussed.

4

enrichment; (4) quasi-contract / promissory estoppel; (5) action for accounting; and (6) fraud / fraudulent misrepresentation. (*See id.* ¶¶ 53-84.) The claims were alleged against Cushman & Wakefield of Pennsylvania, Inc., Cushman & Wakefield Inc., and eight individuals who currently work or formerly worked at Cushman & Wakefield. (*See id.*)

On July 11, 2018, Plaintiff filed an Amended Complaint. (*See* Doc. No. 1-8.) As compared to the initial Complaint, Plaintiff did not plead claims of breach of fiduciary duty and accounting, and retained all other claims as alleged in the initial Complaint. (*See id.* ¶¶ 47-67.) Plaintiff also no longer asserted claims against four of the individual defendants against whom she alleged claims in the Amended Complaint. (*See id.*)

On August 24, 2018, Defendants moved to dismiss all claims in Plaintiffs' Amended Complaint. (*See* Doc. No. 1-9). In response, Plaintiff filed a Second Amended Complaint ("SAC") on September 13, 2018. (*See* Doc. No. 1-6.) In her SAC, Plaintiff re-introduced claims for breach of fiduciary duty and accounting which she alleged in her initial Complaint, but did not allege in her Amended Complaint. (*See id.* ¶¶ 78-106). In addition, the SAC included new claims under Title VII of the Civil Rights Act, the PHRA, and the PRPO—for the first time. (*See id.* ¶¶ 62-77.) The SAC named Cushman & Wakefield of Pennsylvania, Inc. and Cushman & Wakefield, Inc. as Defendants. (*See id.* at 1.)

On October 10, 2018, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint in its entirety. (*See* Doc. No. 2.) In response, on October 24, 2018, Plaintiff filed a Third Amended Complaint  without obtaining consent of counsel or leave to amend from this Court. (*See* Doc. No. 3.) In her TAC, Plaintiff abandoned her claims of: (1) breach of fiduciary duty; (2) quasi-contract / promissory estoppel; (3) action for accounting; or (4) fraud / fraudulent misrepresentation. (*See generally* TAC.) Plaintiff however adds two claims under the FMLA for

the first time (TAC ¶¶ 110-30), and expands her claims under Title VII, the PHRA, and the PRPO

to include theories of hostile work environment and retaliation. (*See id.* ¶¶ 50-109, 131-87.) The

TAC names only Cushman & Wakefield of Pennsylvania, Inc. as a Defendant. (*See id*. at 1.)

## III.   ARGUMENT

A complaint must "set out 'sufficient factual matter' to show that the claim is facially

plausible." Fed. R. Civ. P. 8(a); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It must provide "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). The plaintiff must provide

"nonconclusory factual allegation[s]" to support a plausible inference of misconduct. *Iqbal*, 556

U.S. at 680. Allegations "merely consistent with" either lawful or unlawful activity are not

sufficient. *Twombly*, 550 U.S. at 557. "Mere restatements of the elements of a claim are not entitled

to the assumption of truth." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016)

(internal citations and quotations omitted).

Plaintiff's TAC fails to meet any of these standards.

> ### A.   <u>Counts I, II, III, VI, VII, and VIII of Plaintiff's Third Amended Complaint Must Be Dismissed Because Plaintiff's Claims Under Title VII, PHRA, and PFPO Are Time-Barred and Therefore Not Actionable.</u>

Title VII of the Civil Rights Act, the PHRA, and the PFPO all require a plaintiff to satisfy

certain administrative pre-requisites in a timely manner in order to bring claims in state or federal

court. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related

to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113

(2002). "Each discrete discriminatory act starts a new clock for filing charges in alleging that act.

The charge, therefore, must be filed with the 180—or 300—day time period after the discrete

discriminatory act occurred." *Id.* "In considering a motion to dismiss on these grounds, a court

may consider the EEOC administrative record without converting the motion into one for summary judgment." *Medero v. NBC Merchants, Inc.*, No. 16-cv-6583, 2017 WL 3328361, at *2 (E.D. Pa. Aug. 3, 2017)  (*citing Concha v. Perfecseal, Inc*., No. 13-cv-5709, 2014 WL 4634965, at *1, fn.1 (E.D. Pa. Sept. 15, 2014)). Importantly, "[o]nce a right-to-sue letter is issued, the plaintiff's claim must be limited to acts that are 'fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Webster v. Dolgencorp, LLC*, No. 13-cv-0690, 2013 WL 4501461, at fn. 7 (D.N.J. Aug. 22, 2013) (*citing Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)).

Plaintiff's claims under Title VII, the PHRA, and the PFPO must be dismissed because Plaintiff has failed to present her claims to the EEOC or PHRA within the requisite 180 or 300-day period.

### 1. Plaintiff's Claims Under the PHRA Were Not Filed Within 180 Days of an Alleged Act of Discrimination, and Are Therefore Completely Time Barred.

"To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the **alleged act of discrimination**." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) (emphasis added); *see also* 43 Pa. C.S. §§ 959(a), 962. "If a plaintiff fails to file a timely complaint with the PHRC, then . . . she is precluded from judicial remedies under the PHRA." *Id.* Pennsylvania courts strictly interpret this requirement, and a plaintiff who fails to adhere to this administrative process cannot seek relief under the PHRA. *Id.* at 925; *see also Vincent v. Fuller Co.*, 532 Pa 547, 556-57 (1992); *Rooks v. Alloy Surfaces Co. Inc.*, No. 09-cv-839, 2010 WL 2697304, at *3 (E.D. Pa. July 6, 2010).[2]

Plaintiff did not file a PHRC claim within 180 days of any alleged act of discrimination. Indeed, as Plaintiff sets out in her EEOC Charge, the **latest** date on which alleged discrimination

---

[2]   Matthew Weisberg, counsel for Plaintiff in this case, was also counsel for the plaintiff in *Rooks*, and thus should be familiar with these administrative requirements.

7

occurred was September 18, 2017, the day Plaintiff was terminated. However, Plaintiff did not file her EEOC Charge, which was allegedly cross-filed with the PHRC, until July 6, 2018: **291 days after she was terminated**. This is well beyond the permitted 180-day time frame during which Plaintiff can file a timely claim with the PHRC to report a discriminatory act. As a result, she is precluded from judicial remedies under the PHRA, cannot seek relief under the PHRA, and Counts II and VII must be dismissed.

> 2.     **Plaintiff's Claims Under Title VII and the PFPO Were Not Filed Within 180 or 300 Days of an Alleged Act of Discrimination, and Are Therefore Time Barred.**

Similarly, "[a] [Title VII] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986). "Title VII requires a plaintiff to file a complaint with the EEOC within 180 days after the alleged act of discrimination. If, however, the plaintiff **initially filed** a complaint with a state or local agency with authority to adjudicate the claim, such as the PHRC, he or she is instead allotted 300 days from the date of the alleged discrimination with which to file a charge of employment discrimination with the EEOC." *Clark v. Com. of Pa.*, 885 F. Supp. 694, 706 (E.D. Pa. 1995) (*citing Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994) and 42 U.S.C. § 2000e-5(e)) (emphasis added).

Plaintiff filed her EEOC Charge on July 6, 2018. (TAC, Ex. A at 2.) Based on this filing date, Plaintiff's claim is not timely because this Charge was filed more than 180 days after Plaintiff's termination—her alleged last date of discrimination. (*See id.*) If Plaintiff had initially filed her Charge with the PHRA within the permitted 180-day period, she would have been able to file her EEOC Charge within 300 days. Having not filed *either* claim until 291 days after the

date she was terminated results necessitates the dismissal of the Title VII claims. *See Clark.*, 885 F. Supp. at 706.

Even if the Court applies a 300-day time period to Plaintiff's Title VII claims, Plaintiff's EEOC filing only covers discriminatory acts occurring up to 300 days before the filing date—that is, acts occurring **on or after September 9, 2017**. Plaintiff, by her own admission, was on medical leave and not working at Cushman & Wakefield between September 9 and September 17. (TAC ¶¶ 31, 32.) Therefore, the only date remaining on which Plaintiff can based on Title VII claim is September 18, 2017, the day she was terminated. All other alleged acts of discrimination that occurred prior to September 9, 2017 are now time barred because Plaintiff did not file a timely EEOC Charge for any date prior to September 9, 2017.[3] *See, e.g., Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (affirming the dismissal of claims for failure to administratively exhaust the claims).

> **B.** **Counts I, II, and III of the Third Amended Complaint Must Be Dismissed Because Plaintiff's Retaliation Claims Under Title VII, the PHRA, and the PFPO Are Insufficiently Pled**.

Plaintiff's allegations are insufficient to allege retaliation claims under Title VII, the PHRA, or the PFPO.

To survive a motion to dismiss, plaintiffs alleging Title VII retaliation claims must:

> plead[] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action.

---

[3]  In her EEOC Charge, Plaintiff acknowledges that she does not seek relief for the interactions between John Derham and her, which allegedly occurred in April 2014 and December 2015—**two to three years prior** to the earliest date of discrimination identified by Plaintiff on her EEOC Charge as occurring on May 31, 2017. (TAC, Ex. A at 2.) If she were seeking such relief under Title VII, the PHRA, or the PFPO, it would also be time barred for failure to file an EEOC or PHRA charge within the requisite time periods.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (*citing Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)). Courts use this same test to analyze whether plaintiffs have sufficiently pled retaliation under the PHRA and the PFPO. *See, e.g., Ahern v. Eresearch Tech., Inc.*, 183 F. Supp. 3d 663, 670-71 (E.D. Pa. 2016).

Plaintiff fails to sufficiently allege any of the elements of a claim of retaliation. First, Plaintiff fails to allege that she engaged in protected conduct, such as filing a complaint with a superior in which she reported that she was being discriminated against. *See, e.g., Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-702 (3d Cir. 1995) (finding that "a person has engaged in 'protected conduct' when s/he opposes discrimination" and holding that a letter complaining of improper treatment did not rise to a complaint concerning discrimination). Plaintiff has utterly failed to point to **any** protected activity that she engaged in between September 9 and September 18—the only days for which she can even arguably allege a timely EEOC Charge. Indeed, her failure to allege any participation in protected activity during this time is not surprising, given her allegations that she was not at work and on medical leave between May 2017 and until the day she was terminated on September 18, 2017. (TAC ¶¶ 31, 32.)

The only allegation that Plaintiff attempts to construe as "protected conduct" is Plaintiff's January 2016 conversation where she, as stated in her Second Amended Complaint, "confided in [a] colleague" regarding alleged sexual harassment that occurred in December 2015. (SAC ¶ 34.) Now, in her Third Amended Complaint, Plaintiff has edited her allegations to characterize this private conversation with a colleague as a "report" and "internal complaint," and has conveniently removed the January 2016 date previously alleged as the month in which this conversation occurred. (TAC ¶¶ 22, 23.) Leaving aside this purposeful and egregious attempt to plead around the issues raised in Cushman & Wakefield's previous Motion to Dismiss, Plaintiff **still** fails to

allege that the colleague with whom she spoke was a supervisor—and therefore her claim fails. Even if he were, her claims are clearly time-barred, as discussed in Section III(A) above.

Second, Plaintiff also fails to allege a causal link between any alleged protected conduct and the employer's adverse action. Based on Supreme Court precedent, "**a 'desire to retaliate' must have been the but-for cause of the challenged employment action** in order for a plaintiff to satisfy the causal connection mandated under the anti-retaliation provision of § 2000e-3(a)." *Medero,* 2017 WL 3328361, at *7 (*citing Univ. of Texas Southwest Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2528 (2013) (emphasis added)). Plaintiff's pleading demonstrates that she cannot meet this bar. Plaintiff conclusorily alleges only that, "Defendant was **significantly motivated** to terminate Plaintiff" based on her internal report of sexual harassment. (TAC ¶ 65 (emphasis added).) An allegation that Cushman & Wakefield was "significantly motivated" to terminate Plaintiff is not the same as alleging that the Cushman & Wakefield's desire to retaliate was the but-for cause of Plaintiff's termination.

Further, Plaintiff cannot reasonably tie her conversation with Mr. Spiegelman in January 2016 to her termination in September 2017, approximately 20 months after her alleged "report." Given this extended gap in time, it is not reasonable for Plaintiff to somehow claim temporal proximity alone to establish that Plaintiff's allegedly "protected conduct" led to her termination. *See Medero,* 2017 WL 3328361, at *7-8 (holding that temporal proximity alone is insufficient to establish causation when protected activity occurred over one year prior to alleged retaliatory actions.). Since Plaintiff has failed to allege any other facts which would support her claim of retaliation, she has not plead causation, and her claim fails.

Accordingly, Plaintiff's claims for retaliation under Title VII, PHRA, and PFPO should be dismissed because she fails to sufficiently plead the basic elements of retaliation.

**C.**     **Counts VI, VII, and VIII of the Third Amended Complaint Must Be Dismissed Because Plaintiff's Hostile Work Environment Claims Are Not Sufficiently Plead.**

To state a claim for a hostile work environment under Title VII, an employee must allege the following: "(1) the employee suffered intentional discrimination because of [his sex], (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person [of the same sex] in like circumstances, and (5) the existence of *respondeat superior* liability." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citation omitted).

"A claim of discrimination based on [a] hostile work environment requires conduct that is extreme so as to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1996). Plaintiff must show, "that her workplace was 'permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Peace-Wickham v. Walls*, 409 Fed. App'x 512, 519 (3d Cir. 2010) (*quoting Nat'l R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Importantly, the analysis "must concentrate not on individual incidents, but on the overall scenario." *Caver v. City of Trenton*, 420 F.3d 243, 262-63 (3d Cir. 2005) (quotation and citation omitted). Thus, "isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." *Id.* at 262.

As discussed above, the only period that is even arguably covered by Plaintiff's EEOC Charge is between September 8, and September 18, 2017—**when she, by her own admission, was away from work on medical leave during this period**. Plaintiff has failed to point to a single act of discriminatory intimidation, ridicule or insult occurring during that time period, let alone "facts that might indicate the frequency, severity, or abuse nature of the harassment to which [s]he claims to have been subjected." *Eldeeb v. Potter*, 675 F. Supp. 2d 521, 523 (E.D. Pa. 2009)

(dismissing a hostile work environment claim for failure to allege that discrimination was severe or pervasive). Indeed, her failure to allege any such behavior is consistent with her being away from work on medical leave until the day she was terminated on September 18, 2017. (TAC ¶¶ 31, 32.) Even if Plaintiff had alleged that her two-hour meeting concerning company violations or her termination meeting constitute a hostile work environment, which she has not, these isolated incidents are insufficient to maintain a hostile work environment claim.

Further, Plaintiff clearly did not consider the alleged violations she complained of in her EEOC Charge to be continuing, because she failed to check the box indicating that the discrimination she experienced was "continuing." (*See* TAC, Ex. A.) Similarly, in *Webster v. Dolgencorp, LLC*, when a plaintiff failed to check the "continuing action" box on her EEOC charge, and only indicated her date of termination as the date discrimination took place, the Court held that her hostile work environment claim was not held to be within the scope of her EEOC charge. *Webster*, 2013 WL 4501461, at fn 7.

Plaintiff's hostile work environment claims are not sufficiently pled, and should be dismissed.

> **D.** **Counts IV and V of the Third Amended Complaint Must Be Dismissed Because the FMLA Does Not Apply Because Plaintiff's Leave Exceeded Twelve Weeks.**

Plaintiff's FMLA retaliation and interference claims must be dismissed because she was away from work for over twelve weeks, and the FMLA does not apply to periods of absence longer than twelve weeks.

The FMLA entitles employees to a maximum of twelve weeks of leave per year to address "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §§ 2612(a)(1), (d). "The majority of courts that have reviewed extensions of FMLA leave beyond twelve weeks have interpreted the twelve-week period strictly

and found that employees are not entitled to the protections of the FMLA after the statutory leave has expired, even where the employee has received permission to extend their leave from the employer." *Wevodau v. Comm. of Penn.*, 227 F. Supp. 3d 404, 408-409 (M.D. Pa. 2017); *see also Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 138 (3d Cir. 2004) (holding that employee who exceeded FMLA leave "was subject to immediate discharge on the very first workday that he was both absent from work and no longer protected by the FMLA."); *Katekovich v. Team Rent A Car of Pittsburgh, Inc.*, 36 Fed. App'x 688, 690 (3d Cir. 2002) ("If the employee is not able to return to work after twelve weeks, however, the employer may terminate the employee."); *Panto v. Palmer Dialysis Ctr.*, No. 01-6013, 2003 WL 1818990, at *6 (E.D. Pa. Apr. 7, 2013) (holding that "[b]ecause [plaintiff] was not eligible for FMLA leave at the time her employment was terminated, she cannot establish an interference claim under the FMLA."); *see also* 29 C.F.R. § 825(b) (stating that employees who are unable to work because of the continuation of a serious health condition have no right to job restoration under the FMLA).

Indeed, Plaintiff took the full twelve weeks of medical leave protected under the FMLA. On May 20, 2017, Plaintiff alleges that she suffered a medical emergency and was granted medical leave. (TAC ¶¶ 31, 33.) On August 17, 2017, twelve weeks and five days after leaving the workplace on May 20, 2017, Plaintiff "visited her workplace solely in order to meet with her assistant" for one hour. (TAC ¶ 35.) While there, Mike McCurdy requested to meet with Plaintiff and allegedly spoke with her for two hours regarding her violations of company policies. (TAC ¶¶ 36, 39, 40.) At the time of this two-hour meeting on August 17, 2017, Plaintiff was already outside of the twelve-week period protected by the FMLA, which ended on August 12, 2017. Outside of this brief meeting, Plaintiff did not return again to work until September 18, 2017, over **seventeen weeks** after she first left on medical leave. (TAC ¶¶ 114-15.) She alleges that she was

fired that day. (*Id.*) Both August 17 and September 18 are beyond her FMLA-protected twelve-week leave.

Plaintiff alleges two claims: (1) a claim of interference based on a two-hour meeting held on August 17; and (2) a claim of retaliation based on her firing on September 18. (TAC ¶¶ 110-30.) Because Plaintiff had already exceeded her twelve-week leave on August 17 and September 18, these claims are properly dismissed. Cushman & Wakefield had no obligations under the FMLA to wait to warn and terminate Plaintiff. *See Hofferica v. St. Mary Med. Ctr.*, 817 F. Supp. 2d 569, 577 (E.D. Pa. 2011) (dismissing claim of FMLA interference when employer refused to reinstate employee whose FMLA leave expired over two weeks before she returned to work); *Wevodau*, 227 F. Supp. 3d at 408-409 (M.D. Pa. 2017) (dismissing claim of FMLA retaliation when plaintiff did not attempt to return to work until five weeks after his FMLA leave ended).

Both FMLA claims should be dismissed because Plaintiff is not protected against being discharged under the FMLA for taking a leave well in excess of twelve weeks.

E.    **Count IX of Plaintiff's Third Amended Complaint Must Be Dismissed Because Plaintiff Fails to Sufficiently Plead a Breach of Contract Claim.**

Plaintiff fails to sufficiently plead a breach of contract claim. Under Pennsylvania law, a breach of contract requires a plaintiff to plead: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damage." *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 580 (Pa. Super. Ct. 1999).

The crux of Plaintiff's breach of contract claim, as pled in her Second Amended Complaint, concerned another agreement: the termination agreement Plaintiff rejected and did not sign. Plaintiff alleges that "the termination agreement was *in breach* of her original employment contract." (SAC ¶ 57 (emphasis added).) Even if the termination agreement was somehow "in breach" of her Employment Contract, Plaintiff did not sign the termination agreement, and there

can be no damages arising from her refusal to bind herself to an agreement which is allegedly in breach of her Employment Contract.

In her Third Amended Complaint, realizing the inadequacies of her pleading in the Second Amended Complaint, Plaintiff has switched gears, and seeks to allege a breach of contract claim based on the Employment Contract itself. While Plaintiff alleges that an Employment Contract exists between Plaintiff and Defendants, she does not include either the document or its essential terms as she must to properly plead the claim. (*See* TAC ¶¶ 188-93.) Plaintiff merely alleges, incorrectly, that, "Defendant was contractually required to pay Plaintiff her commission or 'brokerage splits' from **all pending contracts** that Plaintiff was responsible for prior to her termination." (TAC ¶ 190 (emphasis added).) The plain language of the Employment Contract (attached here as **Exhibit B[4]**) provides that all uncompleted transactions are the property of Cushman & Wakefield. (Ex. C ¶ 9(a) ("Employee acknowledges that all such uncompleted transactions, as well as all other transactions initiated, handled or negotiation by Employee during the term of his employment are, and subsequent to termination of Employees' employment shall continue to be, the sole and exclusive property of C&W.") Further, contrary to Plaintiff's broad assertion that she is entitled to commissions on "all pending deals" post-termination, the Employment Contract expressly states that: "Employee shall not be entitled to share in any commissions or fees collected by C&W subsequent to the termination of Employee's employment," except under certain narrow conditions, none of which Plaintiff has pled. (*Id.* ¶ 9(b).)

---

[4]     Plaintiff alleges that she, "does not possess a copy of the employment contract." (TAC ¶ 189.) This is incorrect. Plaintiff's counsel were provided a copy of the Employment Contract attached to a letter sent by Defendant's counsel on July 10, 2018. Plaintiff failed to attach this document to its Complaint, Amended Complaint, and Second Amended Complaint, despite being required to do so under the rules governing the state court proceedings, and despite Defendant's moving to dismiss the complaint on this basis.

Plaintiff also fails to assert damages. In her Second Amended Complaint, she frankly admitted that she, "does not know if the payments she is receiving are in fact the correct amount." (SAC ¶ 90.) Now, she states that she "has received some commissions on pending contracts, [but] believes, and therefore avers that Defendant has breached the employment contract by failing to pay Plaintiff all commissions owed to Plaintiff." (TAC ¶ 191.) Plaintiff, yet again, has modified her complaint in bad faith in order to avoid the inevitable: complete dismissal of her claims.

### F.   Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983.

Plaintiff has alleged in a single paragraph that the Court has jurisdiction over this case under 42 U.S.C. § 1983. (TAC ¶ 1.) It is not clear why Plaintiff has asserted this statute as a basis for jurisdiction without alleging a claim which corresponds to it. However, to the extent Plaintiff seeks to allege a claim under 42 U.S.C. § 1983, she is barred from doing so under the law for two primary reasons: (1) Plaintiff has failed to allege that Cushman & Wakefield is a state actor, or acting under the color of state law (because they cannot); and (2) even if Cushman & Wakefield was a state actor, which it is not, Title VII and FMLA claims are not cognizable under 42 U.S.C. § 1983.

First, to allege a claim under 42 U.S.C. § 1983, Plaintiff must show that Defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)). As alleged by Plaintiff, Cushman & Wakefield is "a commercial real estate services company," (TAC ¶ 5), not a state actor. Plaintiff makes no other allegations connecting Cushman & Wakefield to a state actor. Therefore, Plaintiff has not alleged a cause of action or basis for jurisdiction under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 923, 928 (1982).

Second, relief under 42 U.S.C. § 1983 cannot be sought for violations of Title VII or the FMLA. The Third Circuit has held that Title VII claims are not cognizable under § 1983. *Williams v. Penn. Human Relations Comm.*, 870 F.3d 294, 297 (3d Cir. 2017) (holding that "[a]llowing pure Title VII . . . claims under § 1983 would thwart Congress's carefully crafted administrative scheme by throwing open a back door to the federal courthouse when the front door is purposefully fortified."). Similarly, Plaintiff cannot seek relief for FMLA violations under § 1983. *See Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 485 (W.D. Pa. 2008) (dismissing a claim under § 1983 because permitting "suit under § 1983 for violation of a right created by the FMLA would negate Congress's clearly expressed intent to limit both the grounds for and amount of recovery for such violations.").

For both of these reasons, to the extent Plaintiff asserts 42 U.S.C. § 1983 as a basis for jurisdiction, liability or relief, any such claim should be dismissed.

### G.     Plaintiff's Claims Raised in Her Complaint, First Amended Complaint, and Second Complaint, But Not Included in Her Third Amended Complaint Should Be Deemed Abandoned.

Plaintiff filed its Third Amended Complaint in response to Cushman & Wakefield's Motion to Dismiss all claims pled in Plaintiff's Second Amended Complaint. (*See* Doc. Nos. 2, 3.) Plaintiff's Third Amended Complaint does not include the following claims, which were previously pled in its Second Amended Complaint: (1) breach of fiduciary duty; (2) quasi-contract / promissory estoppel; (3) action for accounting; and (4) fraud / fraudulent misrepresentation. Because Plaintiff has not retained these claims in her Third Amended Complaint and did not submit any timely response to Cushman & Wakefield's Motion to Dismiss, these claims should be considered waived or abandoned. *Markert v. PNC Fin. Servs. Grp, Inc.*, 828 F. Supp. 2d 765, 772-73 (E.D. Pa. 2011) (concluding that plaintiffs waived or abandoned all of its claims in its complaint that were not replead in its amended complaint filed in response to defendants' motion to dismiss).

**H.**     **Plaintiff Should Not Be Permitted to File Yet Another Amended Complaint.**

Plaintiff has improperly filed a Third Amended Complaint in response to Cushman & Wakefield's Motion to Dismiss without properly obtaining leave of this Court or the consent of Cushman & Wakefield to do so. (*See* Doc. No. 3.) The Third Circuit has interpreted Federal Rule of Civil Procedure 15(a) to mean that, "[a]fter amending once . . . the plaintiff may amend only with leave of court or the written consent of the opposing party . . ." *Fauver v. Shane*, 213 F.3d 113, 115 (3d Cir. 2000).

Without citing case law, Plaintiff argues that Federal Rule of Civil Procedure 15 permits Plaintiff to file a Third Amended Complaint because it is the first amended complaint Plaintiff has filed in federal court. (Doc. No. 3 at 1, fn. 1.) However, courts that have analyzed this issue have concluded that whether the "prior amendments were made in state court before removal does not change the Court's analysis [under FRCP 15(a)(1)]." *Suarez v. GEO Grp., Inc.*, No. 15-cv-83, 2015 WL 13121263, at *1 (S.D. Tex. May 18, 2015); *see also Guthrie v. Wells Fargo Home Mortg. NA*, No. 13-cv-4226, 2014 WL 3749305, at *3, fn. 1 (N.D. Ga. July 28, 2014) ("Because Plaintiff already amended her Complaint as a matter of right while the case was pending in the Superior Court of Fulton County, she may not amend her complaint as a matter of right while it is pending in this Court."); *Wright v. Chase Home Fin. LLC*, No. 11-cv-95, 2011 WL 2173906, at *3 (D. Ariz. June 2, 2011) ("Since Plaintiff already amended her complaint once as a matter of right in state court she must seek leave to amend."); *Manzano v. Metlife Bank N.A.*, No. 11-cv-651, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) ("Because Plaintiff filed her First Amended Complaint in state court prior to removal to this court, plaintiff already amended her pleading once as a matter of course.") Plaintiff's filing of a Third Amended Complaint was clearly improper, and should be dismissed on that grounds alone.

With this background and considering the numerous ways in which Plaintiff has attempted to "plead around" (unsuccessfully) each of Defendant's attempts to dismiss her claims, Defendant respectfully requests that Plaintiff be prohibited from filing another amended complaint in response to this Motion to Dismiss. "While [Federal Rule of Civil Procedure 15] requires that leave to amend should be 'freely given,' a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "In determining whether a claim would be futile, the district court applies the same standard of legal insufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Id.; see also Travelers Indem. Co. v. Dammann & Co. Inc.*, 594 F.3d 238, 243 (3d Cir. 2010).

Plaintiff is on her Third Amended Complaint, which has little resemblance to her initial Complaint, in terms of the types of claims alleged and the parties against whom this case has been brought. *See* Ex. A; *supra* Section II(C), Procedural History. However, Plaintiff's facts have remained largely the same. Plaintiff has failed to match her fact pattern with a set of claims—because none exist. For all of the reasons put forth in this Motion, Cushman & Wakefield respectfully requests the Court to deem any further attempt to amend the complaint futile.

## **CONCLUSION**

Plaintiff's Third Amended Complaint is her fourth attempt to find a series of claims for which she can obtain relief. The pleading is deficient on its face, and consists of allegations that are time-barred or otherwise plainly insufficient to support the employment discrimination and

breach of contract claims Plaintiff asserts. Plaintiff's ever-blooming hydra approach to pleading seeks to keep Defendant in this case as a nuisance, in hopes of obtaining a settlement. Defendant respectfully requests the Court to grant this Motion to Dismiss the TAC in its entirety with prejudice since any additional amendment would be futile.

Dated: November 7, 2018                          Respectfully submitted,

                                                **DLA PIPER LLP (US)**

                                                /s/ Brenna D. Kelly
                                                Jayne A. Risk
                                                Brenna D. Kelly
                                                  One Liberty Place
                                                1650 Market Street, Suite 4900
                                                Philadelphia, PA 19103-7300
                                                Phone:  (215) 656-3300
                                                Fax:      (215) 656-3301

                                                *Counsel for Defendants Cushman &*
                                                *Wakefield of Pennsylvania, Inc.*